# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

ZACHARY K. MATHES                                                        PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:08-cv-164-HSO-JMR

SHERIFF DAVID ALLISON                                                   DEFENDANT

## ORDER AND REASONS

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on April 23, 2008. On April 24, 2008, an Order was entered which directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

*Order* [3], p. 5.

Plaintiff was warned in this April 24, 2008, Order that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address may lead to the dismissal of his Complaint. Plaintiff has not complied with this Order.

On June 19, 2008, an Order was entered directing Plaintiff to show cause, on or before July 3, 2008, why this case should not be dismissed for his failure to timely comply with the Court's April 24, 2008, Order. In addition, Plaintiff was directed to comply with the April 24, 2008, Order by filing the required documentation, on or before July 3, 2008. The Show Cause Order warned Plaintiff that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address would lead to the dismissal of his Complaint, without further notice. The envelope containing the Show Cause Order was returned on June 30, 2008, by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."

Plaintiff was warned previously by this Court in the notice of assignment as well as the Order [3] entered April 24, 2008, that his failure to keep this Court informed of his current address could result in the dismissal of this case. According to the Court record, Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with two Court Orders.[1]

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.

---

[1]Out of an abundance of caution, the Court attempted to locate Plaintiff Mathes on the Mississippi Department of Corrections website, to no avail.

2

1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *See Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Plaintiff has not contacted this Court since April 23, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since Defendant has never been called upon to respond to Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED**, this the 24th day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE